IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASPHALT PAVING SYSTEMS, INC., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| | Civil No. 13-7318 (JBS/KMW) |
| v. | |
| GENERAL COMBUSTION CORPORATION, et al, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Defendants Gencor Industries, Inc.'s (hereinafter, "Gencor"), General Combustion Corporation's (hereinafter, "General Combustion"), and Equipment Services Group, Inc.'s (collectively, "Defendants") motion to vacate default and to dismiss [Docket Item 21];[1] and by way of Plaintiff Asphalt Paving System, Inc.'s (hereinafter, "Plaintiff") motion for default judgment with respect to all Defendants. [Docket Item 22.] The Court finds as follows:

---

[1] The Docket does not at this time reflect the entry of an appearance on behalf of Defendant Equipment Services Group, Inc. Defendants' brief in support of the pending motion, however, states that Thomas M. Reardon III, Esquire, serves as counsel for all Defendants in this action, and accordingly requests that default against all three Defendants be vacated. (Defs.' Br. [Docket Item 21-1].) The Court will therefore direct Mr. Reardon to enter an appearance on behalf of Equipment Services Group, Inc., or file a letter stating the nature of his representation, within seven (7) days of entry of the Order accompanying this Memorandum Opinion.

1.    On December 6, 2013, Plaintiff filed the initial
Complaint in this action [Docket Item 1], followed by an Amended
Complaint on February 28, 2014. [Docket Item 11.]  In the
Amended Complaint, Plaintiff generally alleges that, on or about
February 2012, it entered into a contract with General
Combustion that generally obligated General Combustion to supply
and install various tanks, pumps, heaters and related equipment
and fixtures at Plaintiff's emulsion manufacturing facility in
Zephyrhills, Florida. (Am. Compl. [Docket Item 11], ¶ 11.)  The
contract also called for payment to be made to Gencor in the
amount of $1,032,780 and in accordance with Gencor's "'Standard
Terms and Conditions of Sale[.]'"  (Id. at ¶ 12.)  Plaintiff
contemporaneously entered into a contract with Defendant
Equipment Services Group, Inc., concerning the service and
maintenance of the equipment and fixtures supplied and installed
by General Combustion.  (Id. at ¶ 13.)  General Combustion
"substantially completed its work" in connection with the
contract "on or about October 1, 2012."  (Id. at ¶ 22.)
Plaintiff alleges, however, that General Combustion failed to
perform the work "in a workmanlike manner and in accordance with
the contract specifications."  (Id. at ¶ 23.) In purportedly
rendering such defective performance, Plaintiff argues that
General Combustion breached its contract and certain express and
implied warranties, in addition to asserting unjust enrichment

and quasi-contract claims.  (<u>Id.</u> at ¶¶ 27-41.)  Moreover,
because Gencor purportedly issues all of the invoices for
payment under the supply and service contracts, Plaintiff
alleges that Defendants' "interrelated nature" render the
entities jointly and severally liable as alter-egos.  (<u>Id.</u> at ¶¶
14, 21.)

      2.   On January 14, 2014, the Clerk of Court entered
default against Defendants for failure to plead or otherwise
defend.  Thereafter, however, the parties submitted a
stipulation, entered by the Court on February 6, 2014, to set
aside the Clerk's entry of default, and to provide Defendants
twenty-one (21) days within which to answer, move, or otherwise
respond to Plaintiff's Complaint.  [Docket Items 7 & 8.]
General Combustion moved to dismiss Plaintiff's Complaint on
February 18, 2014, which the Court dismissed as moot on March 5,
2014 [Docket Item 16], in light of Plaintiff's filing of an
amended complaint.  [Docket Item 11.]  On April 7, 2014, the
Clerk of Court again entered default against Defendants for
failure to plead or otherwise defend.  Defendants thereafter
filed the pending motion to set aside default on June 11, 2014
[Docket Item 21], with Plaintiff's pending motion for default
judgment following on June 12, 2014.  [Docket Item 22.]

      3.   In support of Defendants' pending motion, Defendants
argue that the absence of demonstrable prejudice and the

availability of an alternative forum for Plaintiff's claims establish good cause sufficient to set aside the Clerk of Court's entry of default.  (Defs.' Br. [Docket Item 21-1], 11.) Defendants further argue that the pendency of a breach of contract action initiated by Defendants in Florida state court demonstrates the meritorious nature of their defenses to this litigation.  (Id.)  Lastly, Defendants challenge the efficacy of service of process in this instance and therefore contend that their conduct "concerning the default is excusable."  (Id.) Plaintiff recognizes in opposition "the great liberality" with which courts grant motions to vacate default, but asserts that any order vacating default should be conditioned upon an award of attorney fees and costs incurred by Plaintiff in connection with its (almost) contemporaneous motion for default judgment, in addition to a directive requiring the moving Defendants to file a document substantiating the meritorious nature of its defenses.  (Pl.'s Opp'n [Docket Item 24], 5, 7-8.)

      4.   Federal Rule of Civil Procedure 55(a) generally requires the Clerk of Court to enter default when, as evidenced "by affidavit or otherwise," any party has failed to plead or otherwise defend.  FED. R. CIV. P. 55(a).  Default, however, constitutes "'a purely ministerial act'" that may be set aside upon a "good cause" showing.  Collura v. Ford, ___ F.R.D. ____, No. 13-4066, 2014 WL 3437733, at *12-*13 (E.D. Pa. July 15,

2014) (citation omitted); FED. R. CIV. P. 55(c).  The decision to
vacate the entry of default rests within the "sound discretion
of the [trial] court." Tozer v. Charles A. Krause Milling Co.,
189 F.2d 242, 244 (3d Cir. 1951). The Third Circuit, however,
has expressed "a policy disfavoring" default, preferring instead
that close cases be resolved in favor of setting aside default
and disposing of cases on the merits. Harad v. Aetna Cas. & Sur.
Co., 839 F.2d 979, 982 (3d Cir. 1988). In exercising its
discretion to vacate entry of a default or a default judgment,
the Court must generally consider: (1) whether the plaintiff
will be prejudiced; (2) whether the defendant has a meritorious
defense; and (3) whether the default was the result of the
defendant's culpable conduct. U.S. v. $ 55,518.05 in U.S.
Currency, 728 F.2d 192, 194-195 (3d Cir. 1984). However, because
the entry of default presumes effective service of process,
failure to effect proper service may, without more, constitute
good cause to set aside an entry of default.  See Gold Kist,
Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)
(noting that "[a] default judgment entered when there has been
no proper service of the complaint is, *a fortiori,* void, and
should be set aside"); Smalls v. Buckalew Frizzell & Crevina
LLP, No. 13-4637, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014)
("Clearly, failure to effect proper service constitutes good
cause."); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598,

5

603 (D.N.J. 2003) (finding sufficient good cause to set aside the entry of default given the improper service of process).

5.   While Defendants' motion addresses each of the factors relevant to setting aside the April 7, 2014 entry of default—prejudice to plaintiff, meritorious defenses, and culpable conduct—the motion also argues that Plaintiff failed to properly effectuate service of the Complaint, because Defendants have no record of Donna Brown, the individual to whom Plaintiff purportedly served process, ever being employed by Defendants in any capacity.  (Defs.' Br. at 13-14.)  Because, as stated above, ineffective service suffices, by itself, to demonstrate circumstances sufficient to set aside default, the Court examines, as threshold matter, the propriety of service.

6.   Federal Rule of Civil Procedure 4(h) provides, in relevant part, that a corporation must be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  FED. R. CIV. P. 4(h)(1)(B).  Federal Rule of Civil Procedure 4(e)(1), in turn, allows service in accordance with the "law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P. 4(e)(1).  Here, the Affidavits of Service allege service of process in Florida

6

[Docket Items 17, 18, & 19], and Defendants' brief in opposition to Plaintiff's motion reflects that, in so serving, Plaintiff relied upon Florida Law.  (Defs.' Opp'n [Docket Item 24], 8-9.) The Court therefore notes that Florida Statute § 48.081 provides a hierarchy for service of process upon a corporation. Specifically, a private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on certain other officers or directors.  FLA. STAT. § 48.081(1)(a)-(d).[2]  In the alternative, process may be served on a registered agent of the corporation. Id. at § 48.081(3)(a).  In the event that that "service cannot be made on a registered agent because of failure of the corporation to comply with § 48.091," a plaintiff may then effectuate service of process on "any employee at the corporation's principal place of business or on any employee of the registered agent."  Id.  Section 48.091 requires that the registered agent maintain regular office hours 10:00 A.M. to 12:00 P.M. each day, except Saturdays, Sundays, and legal holidays, for the purpose of accepting service of process.  Id. at § 48.091(1)-(2).

---

[2] Though not relied upon in this instance, New Jersey law similarly requires, in relevant part, that service upon a corporation be effectuated through "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process[.]"  N.J. CT. R. 4:4-4(a)(6).

7.    Here, the Affidavits of Service state that Defendants'
registered agent was "not available" at the time of service, but
the Affidavits do not reflect the times at which the process
server attempted to effectuate service, nor that Defendants'
registered agent failed to maintain regular office hours, in
derogation of Florida Statute Section 48.091.  [Docket Items 17,
18, 19.]  The Affidavits additionally fail to "show that all
superior officers designated in the statute were absent when
service was attempted."  Nat'l Safety Assocs., Inc. v. Allstate
Ins. Co., 799 So.2d 316, 317 (Fla. Dist. Ct. App. 2001).
Rather, the Affidavits state, without additional detail, that
the process server served an individual allegedly "authorized to
accept service" in light of the inaccessible nature of
Defendants' registered agent, but nowhere reference any attempt
to first serve process upon superior officers as required by
Florida law.  [Docket Items 17, 18, 19.]  This proffer,
accordingly, fails to demonstrate circumstances sufficient to
establish Defendants' failure to comply with Florida Statute
Section 48.091, and to trigger the fallback service provision
set forth in Florida State Section 48.081(3)(a) (i.e., the
ability to serve process on any employee at the corporation's
principal place of business).  See Nat'l Safety Assocs., 799
So.2d at 317 (finding that the return of process showing service
on an inferior officer of a corporation must demonstrate that

all superior officers designated in the statute governing
service on a corporations were absent when service was
attempted).  Indeed, service of process upon an inferior
employee generally fails to constitute effective service under
Florida law.[3]  See Silva v. K. Hovnanian First Homes, LLC, No.
07-517, 2007 WL 3306742, at *3 (M.D. Fla. 2007) (finding service
of process upon a receptionist "ordinarily" ineffective under
Florida law); Nationsbanc Mortg. Corp. v. Gardens N. Condo., 764
So.2d 883, 884 (Fla. Dist. Ct. App. 2000) (finding that service
upon a corporation's receptionist constituted improper service).
Given the Third Circuit's admonishment that close cases be
resolved in favor of setting aside a default, the Court finds
that the improper service in this instance constitutes good
cause to set aside the April 7, 2014 entry of default, and will
grant Defendants' motion to that extent.  See Harad, 839 F.2d at
982.  Plaintiff's motion for default judgment will, accordingly,
be dismissed as moot.[4]  Husain v. Casino Control Comm'n, 265 F.

---

[3] The Court need not belabor the actual identity of the
individual allegedly served with Plaintiff's Amended Complaint,
particularly because there exists no dispute that the alleged
Donna Brown acted only as an employee of Defendants, if at all,
not a manager, officer, or director, as delineated in the
Florida Statute. (See generally Defs.' Br. at 13-14 (asserting
that Defendants have no record of Donna Brown).)
[4] Because the Court will set aside the entry of default on the
basis of improper service, the Court finds that it would be
inappropriate to require Defendants to reimburse Plaintiff for
the attorney's fees and costs incurred in connection with
Plaintiff's motion for default judgment.

App'x 130, 133 (3d Cir. 2008) (finding that entry of default by the Clerk of Court serves as "prerequisite" to obtaining a default judgment by the court).

8.   In addition, having concluded that Plaintiff effectuated improper service, the Court will grant Defendants' motion to dismiss to the extent it concerns the insufficiency of service, and therefore need not address the remaining arguments proffered by Defendants in support of its request to dismiss Plaintiff's Amended Complaint.[5]  (Defs.' Br. [Docket Item 21-1], 12-14.)  However, because there appears a "reasonable prospect that service may yet be obtained[,]" the Court will quash service, rather than dismiss Plaintiff's Amended Complaint, "leaving [Plaintiffs] free to effect proper service." Umbenhauer v. Woog, 969 F.2d 25, 31 (3d Cir. 1992) (requiring district courts to quash service, rather than dismiss the complaint, in appropriate circumstances).  The Court will provide Plaintiff thirty (30) days from entry of the Order

---

[5] Defendants' brief raises certain issues concerning the transfer of this action under the contracts' forum selection clause and/or 28 U.S.C. § 1404(a), in addition to challenging whether the Court may exercise personal jurisdiction over Defendants. (Defs.' Br. at 15-19.)  Plaintiff generally disagrees with Defendants' assertion, and further argues that jurisdictional discovery would be required with respect to Defendants' contacts.  (Pl.'s Opp'n at 26-27.)  In the event Plaintiff effectuates proper service, and Defendants move to dismiss on these bases, the Court would likely entertain a limited request for jurisdictional discovery, in order to provide a more substantial factual predicate to inform any jurisdictional inquiry.

accompanying this Memorandum Opinion to effectuate proper

service.

    9.    An accompanying Order will be entered.


**September 30, 2014**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                         Chief U.S. District Judge