UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASPHALT PAVING SYSTEMS, INC.

      Plaintiff,

v.                              Case No.: 6:15-CV-0049-Orl-41TBS

GENERAL COMBUSTION CORPORATION,
et al.,

      Defendants.
_____/

**PLAINTIFF ASPHALT PAVING SYSTEMS, INC.'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS GENERAL COMBUSTION CORPORATION, GENCOR INDUSTRIES, INC. AND EQUIPMENT SERVICES GROUP, INC.  AND MEMORANDUM IN SUPPORT**

      Plaintiff ASPHALT PAVING SYSTEMS, INC. (hereinafter "APS") by the undersigned counsel moves this court pursuant to Federal Rules of Civil Procedure 37 and Local Rule 3.04(a), for an Order Compelling Defendants, GENERAL COMBUSTION CORPORATION, GENCOR INDUSTRIES, INC. and EQUIPMENT SERVICES GROUP, INC. (hereinafter "Defendants"), to produce all documents responsive to APS's Requests for Production of Documents, for the imposition of sanctions, and other appropriate relief. The grounds upon which this Motion is based are set forth hereinafter.

**Nature Of The Action**

      This is an action for breach of contract, breach of warranty and related claims arising out of Defendants' negligent design and installation of an asphalt emulsion storage and mixing facility at APS's manufacturing plant in Zephyrhills, Florida.  This action was instituted in the District of New Jersey on December 6, 2013 and transferred to the Middle District of Florida on January 13, 2015.  On June 16, 2016 APS served

1

Defendants with its requests for production of documents. Defendants responded on July 15, 2015, producing no responsive documents and instead making reference to a few documents annexed to APS's pleadings in the case. Upon APS's objection to Defendants' failure to produce a single document, Defendants provided a combined supplemental response on September 28, 2015, presumably providing all requested documents.

Although the requested documents were proper objects of discovery, Defendants revealed during depositions that they had failed to produce all responsive documents and continued to withhold relevant documents from APS. In fact, during the mediation in this matter, Defendants supplied the mediator with additional relevant documents that had never been produced to APS. Despite repeated requests from APS, Defendants continue to persist in their refusal to provide those documents.

**Local Rule 3.04 Statement of Relevant Requests for Production**

The requests for production and Defendants' supplemental responses relevant to this matter are set-forth below[1]:

> 4. All internal memoranda, correspondence or other documents prepared by or for you for your use in scheduling, monitoring, reviewing or in any manner relating to the performance of the contract.
>
> > RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, and work-product.
>
> 16. All documents or drawings depicting or purporting to depict "as built" conditions for this Project.
>
> > RESPONSE: See attached to Plaintiff's Amended Complaint Exhibit J filed February 28, 2014. Also see number 28 below.
>
> 20. All design documents including project concept descriptions, preliminary and schematic drawings, diagrammatic drawings, working drawings, design calculations and related documents.

---

[1] APS served a separate request for production on each Defendant, but Defendants served a combined supplemental response thereto that is the subject matter of this application.

>RESPONSE: Requested and if any available, will produce upon receipt. Also see number 28 below.

28. All correspondence or any writing of any kind or description between and among you, APS, Architect/Engineer, subcontractors, material and equipment suppliers, field representatives, bonding and surety companies, consultants, or any other person, firm, or entity concerning or affecting the Project.

>RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, relevance, and work-product. Without waiving the foregoing objections, see attached.

29. All internal memoranda, telephone call records, diaries, reports, files or records relating to the Project.

>RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, relevance, and work-product.

Defendants did produce 128 pages of documents in response to request #28, but otherwise produced no documents responsive to the above-referenced requests. However, during the deposition of Defendants' Federal Rule of Civil Procedure Rule 30(b)(6) corporate designee Larry Miles, he acknowledged that various responsive documents existed that had not been produced. Mr. Miles acknowledged that he "would expect" there are internal emails among Defendants concerning "a number of different things" related to the project that is the subject matter of this litigation. See Exhibit A (Excerpts from Deposition Transcript of Larry Miles), at p35:25-38:10. Despite being aware those documents had been requested in discovery, Mr. Miles, who is "usually the person" that gathers documents in response to discovery requests could not remember whether there had been a search conducted to retrieve them for the purposes of responding to discovery. Id., at 36:17-37:28.

Likewise, although Mr. Miles also believed correspondence between Defendants and APS existed that had not been produced, he admitted that no search had been made to secure those documents for production. Id., at p38:12-39:3. Although a request for these

3

documents was placed on the record at deposition and Defendants agreed to produce them, no documents have been produced.

Moreover, during the mediation in this matter conducted on May 18, 2016, Defendants provided the mediator with a technical drawing of the system it sold to APS that had not previously been produced in discovery despite the clear request for such documents. Although a direct request was made to Defendants' counsel for all such drawings and additional discovery, which was later confirmed in writing, to date no additional documents have been produced.

For the foregoing reasons, APS respectfully requests that this Court enter an order compelling the production of all responsive documents to APS's requests for production of documents, awarding appropriate sanctions pursuant to Federal Rule of Civil Procedure 37, allowing APS to conduct such additional proceeding and serve such additional and supplemental expert reports as may be warranted under the circumstances, and such other and further relief as the Court deems just and proper.

### Memorandum of Law in Support of APS's Motion

**I.   Defendants had a Duty to Provide All Responsive Documents**

Federal Rule of Civil Procedure Rule 26 (b) (1) specifically states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party… ." Further, " [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Defendants' responses to APS's request for production largely consist of rote objections "on the grounds of vague unduly burdensome, overbroad and work product." "Parties are not permitted to assert these type of conclusory, boilerplate objections that fail

4

to explain the precise grounds that make the request objectionable." <u>Martin v. Zale Del, Inc.</u>, No. 8:08-cv-47-T-27EAJ, 2008 WL 5255555, *1 (M.D. Fl. December 15, 2008); <u>see also</u> Middle District Discovery (2015) at III.A.6 ("Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."). Further, the party asserting a lack of relevance has the burden of proving such irrelevance. <u>See</u> <u>Panola Land Buyers Assoc. v. Shuman</u>, 762 F.2d 1550, 1559 (11th Cir. 1985). Moreover, it is axiomatic that a party is required to diligently search its records in order to locate documents responsive to discovery requests. <u>See</u> <u>e.g.</u> <u>White v. State Farm Mut. Auto. Ins. Co.</u>, No. CIV.A. 09-000991-BAJ, 2011 WL 3423388, at *2 (M.D. La. Aug. 4, 2011) (holding party "has a duty to make a reasonable search of *all* sources reasonably likely to contain responsive documents."); <u>Tequila Centinela, S.A. de C.V. v. Bacardi & Co.</u>, 247 F.R.D. 198, 204 (D.D.C. 2008) (noting party as a duty to make a diligent search and that if the search reveals no responsive documents the party must expressly so state).

   Here, Defendants acknowledge the existence of additional responsive documents and that no diligent effort to locate and produce them was made. Despite assurances that such an effort would be quickly undertaken, to date, the additional responsive documents have not been produced. More troubling is that Defendants appear able to locate and utilize those documents when its fits their purposes, such as at the mediation session conducted in this matter. Additionally, Defendants' continued reliance on improper "copy and paste" objections is improper and deprives APS of sufficient information necessary to evaluate the propriety of Defendants' positon. Accordingly, Defendants should be ordered

to conduct a diligent search, produce all documents responsive to APS's requests and state with specificity which, if any, documents are being withheld on the basis of its objections.

### II. APS is Entitled to Sanctions Pursuant to Federal Rule of Civil Procedure Rule 37(a)(5)(A)

APS also moves, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), for an order requiring Defendants to pay to APS the reasonable expenses, including attorney's fees, incurred by APS in bringing this Motion. That Rule provides, in pertinent part, that "[i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall ... require the party…whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that ... the opposing party's nondisclosure, response, or objection was substantially justified." See also Middle District Discovery (2015) at I.E.3. Accordingly, APS should be awarded attorney's fees and costs incurred in connection with this motion. Moreover, if necessary, APS should be allowed to conduct such additional proceedings as may be necessitated by Defendants' failure to produce discovery, including, serving additional or supplemental expert reports and re-deposing Defendants' witnesses.

### CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for APS wrote to Defendants on July 18, 2015 in an attempt to resolve this issue. Counsel for APS spoke in person with counsel for Defendants again on both April 20, 106 and May 18, 2016, and followed up with an additional email on May 18, 2016 in an attempt to resolve this issue. Accordingly, APS has diligently attempted to resolve this dispute in good faith before resorting to the Court for relief.

6

**WHEREFORE,** for the reasons set forth herein, Defendants have improperly failed to produce documents responsive to and objected to APS's discovery requests. As such, Defendants should be compelled to provide full and complete answers to APS's requests for production, pay APS's attorney's fees and costs incurred in connection with this motion, and APS should be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

HANKIN SANDMAN PALLADINO
& WEINTROB

Dated: May 20, 2016                    /s/     John F. Palladino
John F. Palladino
E-mail: john@hankinsandman.com
      /s/     Colin G. Bell
Colin G. Bell
E-mail: coling@hankinsandman.com
Admitted *Pro Hac Vice*
30 S. New York Avenue
Atlantic City, NJ  08401
(609) 344-5161


KWALL SHOWERS BARACK
& CHILSON, P.A.

Dated: May 20, 2016                    /s/     Ryan D. Barack
Ryan D. Barack
Florida Bar Number:  0148430
Primary: rbarack@ksblaw.com
Secondary: Jackie@ksblaw.com
      /s/     Michelle Erin Nadeau
Florida Bar Number:  0060396
Primary: mnadeau@ksblaw.com
Secondary: Jackie@ksblaw.com
133 North Fort Harrison Avenue
Clearwater, FL  33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

7

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

/s/Ryan D. Barack
Attorney
