UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASPHALT PAVING SYSTEMS, INC.,

    Plaintiff,

v.                                                                                                          Case No: 6:15-cv-49-Orl-41TBS

GENERAL COMBUSTION
CORPORATION, GENCOR
INDUSTRIES, INC. and EQUIPMENT
SERVICES GROUP, INC.,

    Defendants.
_____

## ORDER

Plaintiff Asphalt Paving Systems, Inc. alleges that Defendants negligently designed and installed an asphalt emulsion storage and mixing facility at Plaintiff's manufacturing plant in Zephyrhills, Florida (Doc. 11).  Now, the case comes before the Court without oral argument on Plaintiff's Motion to Compel Discovery (Doc. 90) and Defendants' Response to Plaintiff's Motion to Compel Discovery (Doc. 96).  The motion is due to be granted.

Plaintiff propounded requests for the production of documents to Defendants on June 16, 2016 (Doc. 90 at 1-3).  Defendants responded on July 15, 2015, but did not produce any documents.  They provided a combined supplemental response on September 28, 2015 (Id.).  The motion to compel concerns the following requests and supplemental responses:

> 4. All internal memoranda, correspondence or other documents prepared by or for you for your use in scheduling, monitoring, reviewing or in any manner relating to the performance of the contract.

>RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, and work-product.
>
>16. All documents or drawings depicting or purporting to depict "as built" conditions for this Project.
>
>RESPONSE: See attached to Plaintiff's Amended Complaint Exhibit J filed February 28, 2014.   Also see number 28 below.
>
>20. All design documents including project concept descriptions, preliminary and schematic drawings, diagrammatic drawings, working drawings, design calculations and related documents.
>
>RESPONSE: Requested and if any available, will produce upon receipt.   Also see number 28 below.
>
>28. All correspondence or any writing of any kind or description between and among you, APS, Architect/Engineer, subcontractors, material and equipment suppliers, field representatives, bonding and surety companies, consultants, or any other person, firm, or entity concerning or affecting the Project.
>
>RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, relevance, and work-product. Without waiving the foregoing objections, see attached.
>
>29. All internal memoranda, telephone call records, diaries, reports, files or records relating to the Project.
>
>RESPONSE: Defendant objects on the grounds of vague, unduly burdensome, overbroad, relevance, and work-product.

(Id. at 2-3).

Defendants produced 128 pages of documents in response to Request 28, but no documents responsive to the other requests (Doc. 90 at 3.   Plaintiff became suspicious that Defendants had not produced all responsive documents in their possession during a May 18, 2016 mediation when Defendants gave a technical drawing to the mediator that had not previously been produced (Id., at 4).   Then, on April 20, 2016, during a FED. R. CIV. P. 30(b)(6) deposition, Defendants' corporate designee testified that he assumed

Defendants had documents responsive to the requests but that he did not look for them or could not remember looking for them (Doc. 90-1). Defendants do not challenge Plaintiff's assertions (Doc. 96). Instead, they argue that the motion should be denied because they "are responding to said requests from Plaintiff's Motion to Compel Discovery dated May 20, 2016" and have produced 164 additional pages of responsive documents (Id.; Docs. 96-1, 96-2, 96-3).

Federal Rule of Civil Procedure 34(b)(2)(B) provides that objections to requests for production shall "state with specificity the grounds for objection to the request, including the reasons." The Court does not consider frivolous, conclusory, general, or boilerplate objections. Creative Touch Interiors, Inc. v. Nicholson, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015). Defendants' objections fail to explain why the requests are irrelevant, overbroad, vague, unduly burdensome, or otherwise objectionable and now, it appears that Defendants have produced the documents Plaintiff was seeking. Accordingly, Defendants' objections are **OVERRULED**. Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015) (citing Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012)).

Defendants have not explained why they waited until after Plaintiff's motion to compel was filed to produce the documents and they have not provided a description of what, if any documents are being withheld on the basis of privilege (Doc. 96). "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).  When a party objects to a request for production, its "objection must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C).  If Defendants continue to withhold any information, they have not complied with Rules 26(b)(5)(A) and 34(b)(2)(C).  Moreover, a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. FED. R. CIV. P. 34(b)(2)(E)(i).  The Court does not know whether Defendants have complied with this Rule.  Now, the motion to compel is **GRANTED**.  If Defendants have not already done so, they shall produce all documents responsive to requests to produce 4, 16, 20, 28 and 29 within seven days from the rendition of this Order.  During the same time period, Defendants shall comply in full with Rules 26(b)(5)(A), 34(b)(2)(C), and 34(b)(2)(E)(i).

FED. R. CIV. P. 37(d)(3) authorizes the court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Rule 37(a)(5)(A) provides that a Court must grant "reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust.  FED. R. CIV. P. 37(a)(5)(A).  None of the exceptions apply.  Accordingly, Plaintiff is **AWARDED** its reasonable legal expenses, including attorney's fees, to prosecute the motion to compel.  If the parties do not sooner agree, then Plaintiff shall file an application for legal expenses within 14 days from the rendition of this Order, whereupon Defendants shall have 14 days

to file their response.   The Court anticipates resolving the issue of legal expenses on the parties' papers, without a hearing.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record